UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR TAGLE,

    Plaintiff,

v.

NDOC et al.,

    Defendants.

Case No. 2:14-cv-01204-JAD-GWF

**Order Screening Second Amended Complaint, Dismissing and Closing Case, and Denying Other Motions as Moot**

**[ECF 8, 23, 29, 30, 31, 32, 34, 45]**

Plaintiff Victor Tagle is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). Tagle attempts to plead civil-rights claims under 42 U.S.C. § 1983, but his first two attempts at a complaint were dismissed at initial screening with leave to amend and strict instructions to pare down his complaint.[1]  I now grant Tagle's application to proceed *in forma pauperis*, screen and dismiss his second amended complaint one final time, deny all other pending motions as moot, and close this case.[2]

**I.**    *In Forma Pauperis* **Application**

Plaintiff moves to proceed *in forma pauperis*.[3] Based on the financial-status information he has provided, I find that plaintiff is not able to make an initial installment payment toward the full filing fee. But plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. So I grant plaintiff's request for pauper status; he may satisfy the $350.00 filing fee in installments.

---

[1] ECF 14, 19.

[2] ECF 8, 23, 24, 29, 30, 31, 32, 34, 45.

[3] ECF 8.

**II.   Screening the Second Amended Complaint**

**A.   Screening standards under the PLRA**

The Prison Litigation Reform Act (PLRA)[4] directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[5] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[6] To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[7] Pro se pleadings, however, must be liberally construed.[8]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a prisoner's complaint. But when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[9]

**B.   Plaintiff has ignored this court's instructions for his second amended complaint.**

On October 7, 2014, I issued a screening order dismissing plaintiff's original complaint without prejudice and with leave to amend.[10] I found that plaintiff's 22-page, 3-count complaint

---

[4] 28 U.S.C. § 1915A.

[5] *See* 28 U.S.C. § 1915(a).

[6] *See* 28 U.S.C. § 1915A(b)(1)(2).

[7] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[9] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[10] ECF 14 at 5.

referenced defendants collectively and conclusorily alleged that they committed medical malpractice, rape, physical and psychological abuse, discrimination, retaliation, and mail tampering.[11] So I directed plaintiff to file an amended complaint with simple, concise, and direct allegations.[12]

Plaintiff's October 17, 2014, first amended complaint was 85-pages long and did not follow my directives,[13] so I dismissed it without prejudice in a second screening order with leave to file a "simple, concise, and direct" second amended complaint.[14] I also analyzed each of plaintiff's three counts and provided plaintiff with the relevant law to aid him in drafting a second amended complaint.[15]

On April 6, 2015, plaintiff filed a second amended complaint ("SAC"); it is 160 pages long and alleges 124 counts.[16] The SAC appears to detail every wrong that plaintiff has encountered from 2012 to now at various institutions including Clark County Detention Center, High Desert State Prison, Ely State Prison, and Southern Desert Correctional Center. In short, plaintiff completely ignored my instructions and went in a completely different direction.

I now dismiss plaintiff's SAC without prejudice and without leave to amend. Plaintiff has received numerous chances to file a simple, concise, and direct amended complaint, and I have provided him with detailed instructions about how to do so, but he continues to file pleadings that do not comply with the court's orders. Accordingly, I dismiss his claims without prejudice and close this case. Plaintiff may not seek leave to file another complaint in this case.

If plaintiff chooses to file a new lawsuit, he must file a new application to proceed *in forma pauperis* and a new complaint with the Clerk of Court. If he chooses to file a new lawsuit, he is advised that he must comply with the Federal Rules of Civil Procedure, including these principles:

---

[11] *Id*. at 3.

[12] *Id.*

[13] ECF 16.

[14] ECF 19 at 3.

[15] *Id.* at 3–13.

[16] ECF 24.

1 • **Plaintiff's complaint must be short and plain.** Federal Rule of Civil Procedure (FRCP) 8 states that a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."[17] "Each allegation must be simple, concise, and direct."[18] "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[19] "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."[20] A 160-page complaint is not "short and plain."

• **Plaintiff may not raise multiple unrelated claims in a single lawsuit.** The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. FRCP 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences."[21] "However, unrelated claims that involve different defendants must be brought in separate lawsuits."[22] This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and to prevent prisoners from circumventing the three-strikes rule under the PLRA.[23]

With the SAC, plaintiff attempts to file one lawsuit covering the entire period of his

---

[17] Fed. R. Civ. P. 8(a)(2).

[18] Fed. R. Civ. P. 8(d)(1).

[19] Fed. R. Civ. P. 10(b).

[20] *Id.*

[21] Fed. R. Civ. P. 20(a)(2)(A).

[22] *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

[23] 28 U.S.C. § 1915(g). If plaintiff needs to file multiple lawsuits to comply with this rule, he should file a new application to proceed *in forma pauperis* and a new complaint for each case.

incarceration at every institution that he has been housed at. The fact that most of the defendants are employees of the NDOC and the fact that most of plaintiff's injuries occurred while incarcerated does not justify consolidating all of plaintiff's claims into a single lawsuit. Accordingly, I dismiss the SAC without prejudice.

I also deny plaintiff leave to amend a third time in this case. Plaintiff may attempt to comply with the Federal Rules of Civil Procedure by filing a new lawsuit with the Clerk of the Court. And because I am dismissing this case without leave to amend and instructing the Clerk of Court to close it, I also deny plaintiff's remaining motions to extend his prison copy work limit,[24] for a status report on his summonses,[25] to be removed from NDOC's jurisdiction, and for records and court documents[26] as moot and without prejudice.

### III.  CONCLUSION

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

- Plaintiff's application to proceed *in forma pauperis* without having to prepay the full filing fee **[ECF 8] is GRANTED**. Plaintiff will not be required to pay an initial installment fee, prepay fees or costs, or give security therefor. Nevertheless, he still owes the full filing fee under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, even though this case is being dismissed. This order granting *in forma pauperis* status does not extend to the issuance and/or service of subpoenas at government expense.

- In accordance with 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits in the account of Victor Tagle, #1080239 (in months that the account exceeds**

---

[24] ECF 23.

[25] ECF 29, 30, 31, 32.

[26] ECF 45.

**$10.00) until the full $350 filing fee has been paid for this action.** To effectuate this order, the Clerk must send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

- **This case is DISMISSED in its entirety, without prejudice and without leave to amend**, and the Clerk of Court is directed to enter judgment accordingly and **CLOSE THIS CASE.** If plaintiff desires to pursue the claims in his SAC, he must commence a new action by filing a new application to proceed *in forma pauperis* and a new complaint (that complies with the Federal Rules of Civil Procedure) with the Clerk of the Court.

- All of plaintiff's remaining motions **[ECF 23, 29, 30, 31, 32, 34, and 45] are DENIED** as moot and without prejudice.

**IT IS FURTHER ORDERED** that this court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

DATED this 9th day of March, 2016.

_____
Jennifer Dorsey
United States District Judge